Abdy & Kane, P.C.
Timothy P. Kane, Esq. (TPK-9921)
17 Furler Street
Suite 3
Totowa, New Jersey 07512
(973) 890-9090
Attorney(s) for Debtor(s)

|  |  |
|---|---|
| In Re:<br><br>Edwin Camacho and<br>Yahaira Camacho,<br><br>      Debtors. | : UNITED STATES BANKRUPTCY COURT<br>: DISTRICT OF NEW JERSEY<br>:<br>: CHAPTER 13<br>: CASE NO.: 24-18514 (JKS)<br>:<br>:     AMENDED<br>: DEBTORS' CERTIFICATION IN SUPPORT OF<br>: MOTION TO APPROVE SECOND MORTGAGE<br>: ON PROPERTY COMMONLY KNOWN AS<br>: 132 CREST DRIVE, BELLEVILE, NEW JERSEY<br>: 07109 |

We, Edwin Camacho and Yahaira Camacho, do hereby certify as follows:

1. We filed the instant Chapter 13 Bankruptcy on August 28, 2024, under Docket No.: 24-18514, primarily to save our home from foreclosure via the Chapter 13 Plan.

2. We fell behind on our mortgage payments post petition because the Debtor, Edwin Camacho, was injured and lost some time from work. The amount of the mortgage arrears, post petition, are the sum of $15,351.33.

3. We contacted our mortgage lender servicer, M&T Bank, and advised them of our unfortunate circumstances.

4. As a result, M&T Bank, kindly agreed to allow us to enter into a second mortgage agreement in the total amount of the first mortgage post petition arrears in the sum of $15,351.33. Accordingly, the post petition mortgage arrears, per the terms of the New Jersey Partial Claim

Secondary Note and the New Jersey Mortgage, will be due and payable, on or about, August 1, 2050, or possibly sooner depending under certain circumstances as stated in paragraph 4. of the signed New Jersey Partial Claim Secondary Note, which is attached hereto as "Exhibit A." Also attached is a copy of the New Jersey Mortgage which is attached hereto as "Exhibit B." Also attached is a copy of the Bankruptcy Disclosure Rider which is attached hereto as "Exhibit C."

5. Accordingly, M&T Bank, prepared and sent us the New Jersey Partial Claims Secondary Mortgage, the New Jersey Mortgage and the Bankruptcy Disclosure Rider. All have been fully signed and returned to M&T Bank, with the approval of our attorney.

6. The Debtor, Edwin Camacho, has not and will not, file a claim for worker's compensation claim or a third party claim for any injuries he may have sustained related to his loss of work as referenced in this certification. The Debtor, Edwin Camacho, has already returned to work on a full time basis.

7. Accordingly, we are kindly asking this Court to approve the New Jersey Partial Claims Secondary Mortgage and this New Jersey Mortgage, as it will not have any negative impact on our ability to make our first mortgage payments, our Trustee Plan payments or any of our other financial obligations in the future. The $15,351.33 payment is not scheduled to be paid back to the lender for about twenty-five years as noted above or possibly sooner if circumstances occur such as our first mortgage is paid off sooner than 2050. However, it is not anticipated nor likely that any money will be due on the Jersey Partial Claims Secondary Note and Mortgage until well after this 60 month Bankruptcy Plan has been completed. That maturity date of our first Mortgage with M&T Bank is also on August 1, 2050.

8. The New Jersey Partial Claims Secondary Mortgage, states in paragraph 4. that:

    4. Manner of Payment:

(A) Time:

On, August 1, 2050 or, if earlier, when the first of the following events occurs:

(i) Borrower was paid in full all amounts under the primary note and related mortgage, deed of trust or similar Security Instruments insured by the lender, or

(ii) The maturity date of the primary note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instruments are no longer insured by the Lender.

9. The repayment terms will not negatively impact this Bankruptcy case nor any of the creditors.

10. Since our Plan is a 100% Plan, no secured and/or unsecured creditor will be harmed by the court's approval of this New Jersey Partial Claims Secondary Mortgage and this New Jersey Mortgagee as all payments required via our Plan, will remain the same.

11. We respectfully request this Court grant our request to approve the New Jersey Partial Claims Secondary Mortgage and this New Jersey Mortgage and my attorney's fee sum of $1,500.00 as per our attorney's fee application.

12. We certify that the foregoing statements made by us are true to the best of our knowledge. Furthermore, that if any of the above information is not true or accurate we may be subject to punishment.

Dated: July 1, 2025             /s/ Edwin Camacho
                                Edwin Camacho, Debtor


Dated: July 1, 2025             /s/ Yahaira Camacho
                                Yahaira Camacho, Debtor

# "EXHIBIT A"

Loan No.: 0093383495

Investor Loan No: 0226682488
FHA Case No: 003529800446703

18694526

# NEW JERSEY PARTIAL CLAIM SECONDARY NOTE

| April 17, 2025 | BELLEVILLE | NEW JERSEY |
|---|---|---|
| [Date] | [City] | [State] |

132 CREST DRIVE, BELLEVILLE, NJ 07109
[Property Address]

### 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Fifteen Thousand Three Hundred Fifty One and 33/100ths** Dollars (U.S. $15,351.33), to the order of the Lender.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

(A) Time

On, **August 1, 2050** or, if earlier, when the first of the following events occurs:

(i) Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Lender, or

(ii) The maturity date of the primary Note has been accelerated, or

(iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Lender.

(B) Place

---

New Jersey Partial Claim Note—Single Family—Secondary Lien            Page 1 of 3            17096NJ 09/21


*0093383495*

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

### NOTICE TO BORROWER

**Read this promissory note or loan agreement before you sign.**
**Do not sign this promissory note or loan agreement if it contains blank spaces.**
**The promissory note or loan agreement is secured by a secondary mortgage on your real property.**



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ /s/ Camacho _____    Date: 5/16/25
Borrower    - EDWIN CAMACHO JR

_____ /s/ Yahaira Camacho _____    Date: 5/16/25
Borrower    YAHAIRA CAMACHO


Loan Originator Organization: M&T BANK, NMLSR ID: N/A
Individual Loan Originator's Name NMLSR ID: N/A



# "EXHIBIT B"

After recording please return to:
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
320 COMMERCE, SUITE 100
IRVINE, CA 92602

Prepared by:
DESIREE SCHROEDER
M&T BANK
475 CROSSPOINT PKWY
GETZVILLE, NY 14068

———————————[Space Above This Line For Recording Data]———————————

LOAN NO.: 0093383495

Investor Loan No: 0226682488
FHA Case #: 003529800446703

18694526

# NEW JERSEY MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **April 17, 2025**. The Mortgagor is **EDWIN CAMACHO, JR. AND YAHAIRA CAMACHO, HUSBAND AND WIFE**
Whose address is **132 CREST DRIVE, BELLEVILLE, NJ 07109**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development and its successors and assigns, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Fifteen Thousand Three Hundred Fifty One and 33/100ths** Dollars (U.S. $15,351.33). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **August 1, 2050**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **ESSEX** County, **NEW JERSEY**:

New Jersey Mortgage-Single Family     Page 1 of 6     14631NJ 09/20



**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **132 CREST DRIVE, BELLEVILLE, NJ 07109**, ("Property Address");

This Mortgage is subordinate to the Mortgage between **EDWIN CAMACHO, JR. AND YAHAIRA CAMACHO, HUSBAND AND WIFE** (Borrower), and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR AMERIHOME MORTGAGE COMPANY, LLC** (Lender), dated **July 15, 2020** and recorded on **July 31, 2020** in the real property records of **ESSEX** County in Book, Volume, or Liber No. N/A, at Page N/A (or as Instrument Number **2020071688**)in the amount of **$330,833.00**, as assigned and/or modified, if applicable.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be

New Jersey Mortgage-Single Family

Page 2 of 6

14631NJ 09/20



given by first class mail to:Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.
Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property; (e) the Borrower's right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and (f) any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

**8. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.



## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Security Instrument, of any default under the superior encumbrance and of any sale or other foreclosure action.

— NOTICE TO BORROWER —

Read this promissory note or loan agreement before you sign.
Do not sign this promissory note or loan agreement if it contains blank spaces.
The promissory note or loan agreement is secured by a mortgage on your real property.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____  Date: 5/16/25
Borrower    - EDWIN CAMACHO JR

_____  Date: 5/16/25
Borrower    - YAHAIRA CAMACHO

New Jersey Mortgage-Single Family

Page 4 of 6

14631NJ 09/20



## ACKNOWLEDGMENT

State of _New Jersey_ §§§
County of _Passaic_ §§§

I CERTIFY that on this _16_ day of _May 2025_, EDWIN CAMACHO JR AND YAHAIRA CAMACHO personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument; and
(b) executed this instrument as his or her own act

Signature of Officer

Printed Name: _Timothy P. Kne_

Title of Officer: _Attorney At Law State of_

(Seal)    My Commission Expires: _New Jersey_

**Loan Originator Organization: M&T BANK, NMLSR ID: N/A**
**Individual Loan Originator's Name NMLSR ID: N/A**

> [UPDATED THROUGH P.L. 2010, ch. 18, and JR 18 of P.L. 2009]
> TITLE 41    OATHS AND AFFIDAVITS
> 41:1-6. Affirmations and declarations; when authorized; forms; legal effect

### 41:1-6. Affirmations and declarations; when authorized; forms; legal effect

Every person, permitted or required to take an oath in any case, where, by law, an oath is allowed or required, and who shall allege that he is conscientiously scrupulous of taking an oath, shall, instead of an oath, be permitted to make solemn affirmation or declaration in one of the following forms, to wit:

"I,        , do solemnly, sincerely and truly declare and affirm" : or,

"I,        , do declare, in the presence of Almighty God, the witness of the truth of what I say" :

Either of which forms shall be as good and effectual in law, as an oath taken in the usual form. In the affirmation or declaration, the words "so help me God", at the close of the usual oath, shall be omitted.

Every person empowered and required to tender and administer an oath in the usual form, is empowered and required to tender and administer the affirmation or declaration prescribed by this section, when requested so to do by any such scrupulous person.

### 41:1-7. Seal not necessary to validity of oath or affidavit

It shall not be necessary to the validity or sufficiency of any oath, affirmation or affidavit, made or taken before any of the persons named in section 41:2-1 of this title, that the same shall be certified under the official seal of the officer before whom made.

### 41:2-1 Officials authorized to take oaths.

41:2-1. All oaths, affirmations and affidavits required to be made or taken by law of this State, or necessary or proper to be made, taken or used in any court of this State, or for any lawful purpose whatever, may be made and taken before any one of the following officers:

The Chief Justice of the Supreme Court or any of the justices or judges of courts of record of this State;

Masters of the Superior Court;

Municipal judges;

Mayors or aldermen of cities, towns or boroughs or commissioners of commission governed municipalities;

Surrogates, registers of deeds and mortgages, county clerks and their deputies;

Municipal clerks and clerks of boards of chosen freeholders;

Sheriffs of any county;

Members of boards of chosen freeholders;

Clerks of all courts;

Notaries public;

Commissioners of deeds;

Members of the State Legislature;

Attorneys-at-law and counsellors-at-law of this State;

Certified court reporters, as defined in section 10 of P.L.1940, c.175 (C.45:15B-10).

This section shall not apply to official oaths required to be made or taken by any of the officers of this State, nor to oaths or affidavits required to be made and taken in open court.

Amended 1951, c.302, s.1; 1953, c.39, s.1; 1953, c.428, s.3; 1964, c.165, s.1; 1968, c.169; 1970, c.182; 1983, c.495; 1986, c.124; 2007, c.73.

---

EXHIBIT A

BORROWER(S): EDWIN CAMACHO, JR. AND YAHAIRA CAMACHO, HUSBAND AND WIFE

LOAN NUMBER: 0093383495

LEGAL DESCRIPTION:

STATE OF NEW JERSEY, COUNTY OF ESSEX, COUNTY OF, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWN OF BELLEVILLE, IN THE COUNTY OF ESSEX, STATE OF NEW JERSEY: BEING KNOWN AND DESIGNATED AS LOT NO. 65 AS SHOWN ON A CERTAIN MAP ENTITLED, "MAP OF PROPERTY OF WHITE OAKS, INC. EXTENSION, BELLEVILLE AND FILED OCTOBER 15, 1940 IN THE ESSEX COUNTY REGISTER'S OFFICE AS MAP NO. 1515 AND BEING DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE NORTHERLY LINE OF CREST DRIVE DISTANT THEREON 348.00 FEET EASTERLY FROM ITS INTERSECTION WITH THE EASTERLY LINE OF UNION AVENUE, THENCE 1. SOUTH 56 DEGREES 38 MINUTES EAST, ALONG THE NORTHERLY LINE OF CREST DRIVE, 48.00 FEET TO A POINT; THENCE 2. NORTH 33 DEGREES 22 MINUTES EAST 100.00 FEET TO A POINT; THENCE 3. NORTH 56 DEGREES 38 MINUTES WEST 48.00 FEET TO A POINT, THENCE 4. SOUTH 33 DEGREES 22 MINUTES WEST 100.00 FEET TO THE NORTHERLY LINE OF CREST DRIVE TO THE POINT AND PLACE OF BEGINNING. BEING DESCRIBED IN ACCORDANCE WITH SURVEY PREPARED BY RICHARD J. HINGOS, INC. DATED JUNE 5, 2017. FOR INFORMATION PURPOSES ONLY: BEING KNOWN AS 132 CREST DRIVE, BELLEVILLE, NJ 07109, TAX LOT 7, TAX BLOCK 7203 ON THE OFFICIAL TAX MAP OF BELLEVILLE, NJ. PARCEL: BLOCK:7203-LOT:7 BEING THE SAME PROPERTY CONVEYED TO EDWIN CAMACHO, JR. AND YAHAIRA CAMACHO, HUSBAND AND WIFE BY DEED FROM SUSANA LOPEZ AND LUIS GARCIA, UNMARRIED RECORDED 10/16/2019 IN DEED INSTRUMENT NO. 2019098662, IN THE ESSEX COUNTY, NEW JERSEY, CLERK'S OFFICE.

Parcel ID Number: BLOCK: 7203 LOT: 7
ALSO KNOWN AS: 132 CREST DRIVE, BELLEVILLE, NJ 07109



# "EXHIBIT C"

Loan No.: 0093383495

# BANKRUPTCY DISCLOSURE RIDER

THIS BANKRUPTCY DISCLOSURE RIDER is given on the **17th** day of **April, 2025**, and is incorporated into and shall be deemed to amend and supplement the Note and Security Instrument "Mortgage/Deed of Trust" of the same date made by **EDWIN CAMACHO JR AND YAHAIRA CAMACHO** (the "Borrower") and **M&T Bank in its capacity as Servicer/Agent for Secretary of Housing and Urban Development** (the "Lender), covering the property described in the Note and Security Instrument located at:

**132 CREST DRIVE, BELLEVILLE, NJ 07109**

In addition to covenants and agreements made in the Note and Security Instrument, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Note and Security Instrument is contingent upon approval by the bankruptcy court, if required.**
2. **AFTER** execution of the Note and Security Instrument, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge upon completion of the Chapter 13 plan payments.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Note, Security Instrument and this Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Bankruptcy Disclosure Rider, the terms of the Note and Security Instrument will remain unchanged and in full effect.

_____  Date: 5/16/25
Borrower    - EDWIN CAMACHO JR

_____  Date: 5/16/25
Borrower    - YAHAIRA CAMACHO

Bankruptcy Disclosure Rider
W3078R                          Page 1 of 1                          33858MU 10/20


*0093383495*